# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| LARRY J. NOEL, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 12-2717-JPM-cgc |
| JOSEPH EASTERLING, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
(ECF No. 29)
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2254
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is the Petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") of Petitioner Larry J. Noel ("Petitioner" or "Noel"), inmate registration number 379050, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed July 13, 2012. (ECF No. 1.) On January 16, 2013, Respondent Joseph Easterling filed a Motion for Summary Judgment. (ECF No. 29.) For the following reasons, Respondent's Motion is GRANTED.

I. BACKGROUND

Petitioner Noel was convicted of attempted first-degree murder, aggravated assault, retaliation for past action, unlawful possession of a weapon, and driving on a revoked license by a jury in Lauderdale County, Tennessee. (ECF No. 1 at 1.) The trial court

imposed an effective sentence of twenty-three years imprisonment. (Id.) The Tennessee Court of Criminal Appeals affirmed Petitioner's convictions and sentences on direct appeal, and the Tennessee Supreme Court granted Petitioner's application for permission to appeal for the sole purpose of remanding to the trial court for merger of the attempted first-degree murder and aggravated assault convictions and amendment of the judgments to reflect concurrent sentences. State v. Noel, No. W2005-01958-CCA-R3-CD, 2006 WL 2242067 (Tenn. Crim. App. Aug. 4, 2006), perm. app. granted, (Tenn. Dec. 18, 2006). On January 10, 2007, the trial court filed amended judgments merging the two counts. (ECF No. 32-1 at 2-4.)

On December 10, 2007, Petitioner filed a Petition for post-conviction relief alleging he received ineffective assistance of counsel. (ECF No. 30-9 at PageID 659-86.)[1] The post-conviction court appointed counsel (id. at PageID 701), conducted a hearing on December 18, 2009 (id. at PageID 793), and denied Petitioner relief (id. at PageID 814). Petitioner appealed, and the Court of Criminal Appeals affirmed the post-conviction court's decision. Noel v. State, No. W2010-00088-CCA-R3-PC, 2011 WL 744759 (Tenn. Crim. App. Mar. 3, 2011), perm. app. denied, (Tenn. July 13, 2011).

On July 16, 2012, Petitioner filed his § 2254 Petition, along with a Motion to Proceed in forma pauperis, in the United States

---

[1] When Electronic Case Filings contain multiple documents, the Court will refer to the Page Identification ("PageID") numbers on the top right of the document.

2

District Court for the Middle District of Tennessee. (ECF No. 1; ECF No. 2.) On July 23, 2012, United States District Judge Aleta A. Trauger entered an Order denying the Motion to Proceed in forma pauperis and requiring Petitioner to pay the filing fee. (ECF No. 6.) On August 16, 2012, Petitioner paid the filing fee. (ECF No. 14.) On August 20, 2012, Judge Trauger transferred this action to the Western District of Tennessee. (ECF No. 15.)

On September 28, 2012, the Court entered an Order directing Respondent to file a response to the § 2254 Petition. (ECF No. 18.) On January 16, 2013, Respondent filed a Motion for Summary Judgment alleging that the § 2254 Petition was time-barred and a memorandum in support of the Motion. (ECF No. 29.) Respondent also filed the state court record. (ECF No. 30.)

In his § 2254 Petition, Noel contends that his right to due process was violated (ECF No. 1 at 4), he was incompetent to stand trial (id. at 6), he received ineffective assistance of counsel during the trial and during the post-conviction proceedings (id. at 7-10, 13), and the post-conviction court erred by denying him a continuance (id. at 11-12).

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012). "A fact is 'material' for purposes of summary judgment

3

if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Id. at 448-49 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Should "the non-moving party fail[] to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving [party is] entitled to judgment as a matter of law and summary judgment is proper." Chapman, 670 F.3d at 680 (citing Celotex Corp., 477 U.S. at 323).

"To show that a fact is, or is not, genuinely disputed, both parties are required to either 'cite[] to particular parts of materials in the record' or 'show[] that the materials cited do not establish the absence or presence of a genuine dispute . . . .'" Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)). "In considering a motion for summary judgment, [a court] must draw all reasonable inferences in favor of the nonmoving party." Phelps v. State Farm Mut. Auto. Ins. Co., 680 F.3d 725, 730 (6th Cir. 2012) (citing Matsushita Elec., 475 U.S. at 587).

4

## III. ANALYSIS

In its Motion for Summary Judgment, Respondent argues that the § 2254 Petition is time-barred. (ECF No. 29-1 at 2.) The Court addresses whether the § 2254 Petition was timely filed and whether Petitioner is entitled to equitable tolling in turn.

### A. Statute of Limitations

Pursuant to 28 U.S.C. § 2244(d), there is a one-year period of limitation "for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

5

shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at "the conclusion of direct review or the expiration of the time for seeking such review." Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (quoting 28 U.S.C. § 2244(d)(1)(A)). In the instant case, the trial court entered Petitioner's amended judgments on January 10, 2007. Pursuant to Tennessee Rule of Appellate Procedure 4, Petitioner then had thirty days in which to file a notice of appeal. Tenn. R. App. P. 4(a); Tenn. R. Crim. P. 37(d)(1). Because Petitioner did not file a notice of appeal, the running of the limitations period commenced on February 9, 2007.

The limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Noel filed his post-conviction petition on December 10, 2007. By that time, three hundred and four days of the one-year limitations period had elapsed. The Tennessee Court of Criminal Appeals affirmed the dismissal of the post-conviction petition on March 3, 2011, and the Tennessee Supreme Court denied permission to appeal on July 13, 2011. Accordingly, the running of the limitations period recommenced at that time and expired on September 12, 2011.

Noel's § 2254 Petition was signed on July 13, 2012. (ECF No. 1 at 16.) Assuming for the purposes of this Order that the § 2254 Petition was handed over to prison officials for mailing to the

Court on this date, see Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008), the § 2254 Petition would be time-barred.

B.  **Equitable Tolling**

"The doctrine of equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). The one-year limitation period under § 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). This doctrine, however, should be applied "sparingly" by federal courts. Ata v. Scutt, 662 F.3d 736, 741 (6th Cir. 2011). "The party seeking equitable tolling bears the burden of proving he is entitled to it." Robertson, 624 F.3d at 784. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Ata, 662 F.3d at 741 (internal quotation marks omitted).[2]

Petitioner contends that the evidence supporting the issues raised in his § 2254 Petition establishes his actual innocence and entitles him to equitable tolling. (ECF No. 1 at 16.) In McQuiggin

---

[2] Until recently, the United States Court of Appeals for the Sixth Circuit used five factors to determine the appropriateness of equitable tolling. See, e.g., Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001). The Sixth Circuit has held that the two-factor standard articulated in Holland supersedes the previous five-factor standard used by the Sixth Circuit. Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749-50 (6th Cir. 2011).

v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court stated that actual innocence, if proved, may overcome the expiration of the one-year habeas statute of limitations. Id. at 1928. A claim of actual innocence is not a request for equitable tolling but is instead a request for an equitable exception to 28 U.S.C. § 2244(d)(1). Id. at 1931 (citing Rivas v. Fischer, 687 F.3d 514, 547 n.42 (2d Cir. 2012)). Because "tenable actual-innocence gateway pleas are rare," a petitioner must first convincingly demonstrate his actual innocence. To convincingly raise a claim of actual innocence, a petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928. Petitioner has not supported his claim of actual innocence with any evidence, let alone new evidence. (See ECF No. 1.) Accordingly, Petitioner has not convincingly raised a claim of actual innocence and is not entitled to an equitable exception to the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

Additionally, Petitioner has not satisfied the two-factor standard articulated in Holland in order to be entitled to equitable tolling of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Petitioner has not put forth any evidence of his own diligence in pursuing his rights, nor has he demonstrated any extraordinary circumstances that would have prevented the timely filing of his § 2254 Petition.

Therefore, the Court GRANTS Respondent's Motion for Summary Judgment (ECF No. 29) because the § 2254 Petition is time-barred. The § 2254 Petition is hereby DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent.

**IV. APPEAL**

There is no "absolute entitlement to appeal a district court's denial of [a § 2254 petition]." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005) (per curiam). A district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

Pursuant to 28 U.S.C. § 2253, a COA may issue "only if the [petitioner] has made a substantial showing of the denial of a constitutional right" and must "indicate which specific issue or issues satisfy" the required showing. 28 U.S.C. §§ 2253(c)(2)-(3).

> When [a] district court denies a [§ 2254] petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). A COA does not require a showing that the appeal will succeed. See Caldwell v. Lewis, 414

9

F. App'x 809, 814-15 (6th Cir. 2011) (quoting Miller-El, 537 U.S. at 337). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

A finding that a § 2254 petition is time-barred is a procedural bar. See id. at 775. Accordingly, a COA should issue only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In the instant case, there can be no question that the § 2254 Petition is time-barred. Therefore, the Court DENIES Petitioner a certificate of appealability.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5). In this case, for the same reasons the Court denies Petitioner a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any

appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[3]

**SO ORDERED** this 14th day of June, 2013.

                                                    s/ Jon P. McCalla
                                                    JON P. McCALLA
                                                    CHIEF U.S. DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within thirty (30) days of the date of entry of this Order. See Fed. R. App. P. 24(a)(5).